# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HEYDEE DE LEON and JENNIFER MENDOZA, on behalf of themselves and others similarly situated,**

                                **Plaintiffs,**

**-vs-**                                            **Case No.  6:09-cv-1251-Orl-28KRS**

**BANK OF AMERICA, N.A. (USA) n/k/a FIA CARD SERVICES, N.A.**

                                **Defendant.**

_____

## SUPPLEMENTAL REPORT[1]

**TO THE UNITED STATES DISTRICT COURT:**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' SECOND AMENDED MOTION FOR PRELIMINARY APPROVAL OF AMENDED SETTLEMENT AGREEMENT AND FOR CERTIFICATION OF THE SETTLEMENT CLASS (Doc. No. 119)** |
| **FILED:** | **October 31, 2013** |

       This is the fourth motion submitted by the parties in this case for preliminary approval of a settlement agreement and for certification of a settlement class.  *See* Doc. Nos. 65, 71, 96, 119.  I have issued three previous opinions discussing the law applicable to the issues presented by these motions.

---

[1]  The Office of the Clerk of Court is directed to docket this Supplemental Report in the same manner as it would docket a Report and Recommendation on the motion referenced herein.

*See* Doc. Nos. 68, 75, 105.  At this stage of the litigation, the presiding District Judge is well aware of the issues presented.  Therefore, rather than restating the law and facts, I incorporate by reference pertinent portions of my earlier Report and Recommendations herein.  Doc. Nos.  75, 105.

In my last Report and Recommendation, I identified problems with the Amended Settlement Agreement and supporting documents.  Doc. No. 105.  Those problems have been resolved in the second amended set of documents, as follows:

- Standing.  Named Plaintiffs DeLeon and Mendoza have standing only to represent individuals who had cardholder agreements with Bank of America, N.A. (USA), not individuals who had cardholder agreements with FIA Card Services, N.A.  In the Second Amended Settlement Agreement, the Settlement Class is limited to natural persons who at any time between April 1, 2005 and October 19, 2006 had a consumer credit card account with Bank of America, N.A. (USA).  Doc. No. 119-1 ¶ 2(i), (r), (u), (z).  Therefore, the standing issue has been resolved.

- Defendant Releasees.  In the Amended Settlement Agreement, "Defendant Releasees" included many individuals and entities other than the named Defendant.  In the Second Amended Settlement Agreement, "Defendant Releasees" are only the named Defendant -- Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.  *Id.* ¶ 2(j).  This resolves the concern regarding identifying the released individuals and entities.

- Released Claims.   I previously raised concerns about the breadth of "Released Claims" as defined in the Amended Settlement Agreement.  The Second Amended Settlement Agreement resolves those concerns by limiting "Released Claims" to

-2-

claims that (i) each Representative Plaintiff and each Settlement Class Member brought or could have brought against Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A. for, based on, by reason of, or arising from or relating to any late payment assessed by Bank of America, N.A. (USA) on Qualifying Payments during the Qualifying Period based in whole or in part on the method of crediting of payments to Consumer Credit Card accounts upon receipt by Bank of America, N.A. (USA), which includes any claims arising from or relating to the failure to credit such payments by a given date during the Qualifying Period, and (ii) claims arising out of the prosecution or defense of the Consolidated Action, or either of them, including but not limited to, claims for breach of contract, breach of implied covenant of good faith and fair dealing, or violation of any applicable consumer protection statute of a state in which Representative Plaintiffs or any class member reside, except for claims of breach of the Second Amended Settlement Agreement.  *Id.* ¶ 2(v).

• <u>Notification to Joint Account Holders</u>.   I previously questioned the fairness of a requirement that Settlement Class Members certify that they had notified all joint account holders that they would be excluded from the settlement class if the putative Settlement Class Member requested to be excluded.  The Second Amended Settlement Agreement now permits a putative Settlement Class Member to explain why notice could not be given to joint account holders and it permits the Court to exclude a putative Settlement Class Member who cannot provide notice to joint account holders. *Id.* ¶ 6(b).

- Amended Short-Form and Long-Form Notices.   The parties have made the modifications to these notices recommended in the most recent Report and Recommendation, Doc. No. 105 at 16-17.

- Injunction.   The parties have removed the request for an injunction in the proposed Preliminary Approval Order.  Doc. No. 119-5.

- Fair, Reasonable and Adequate Settlement.   For the reasons stated in my previous Report and Recommendations, a substantial question still exists whether the proposed settlement is fair, reasonable and adequate.  In sum, based on the expected claims rate in a case of this type, it is likely that the primary beneficiaries of the settlement will be the following: (1) Named Plaintiffs and class counsel, who seek a fee of $2.5 million of the $10 million settlement fund; (2) Defendant, who will be released from claims and, very likely, have a significant portion of the $10 million settlement fund returned to it[2]; and, the Named Plaintiffs, who will receive the claimed late fees plus service awards.  *See, e.g.,* Doc. No. 105 at 13.   Nevertheless, because determining the fairness of a settlement rests within the discretion of the presiding District Judge and this finding need not be made until the final approval hearing, the Court may grant

---

[2]  Notably, in the settlement of the class action in *Trombley v. Bank of Am. Corp.*, Case No. 1:08-cv-456-JD-LM (D.R.I.), the Court ultimately approved a revised settlement agreement under which Bank of America cardholders who received notice of the class action settlement but did not submit a claim or the claim was not approved will each receive a pro rata share of what is left of the settlement fund after the approved claims, the administrative costs, the representative awards, and attorneys' fees are paid. *Id.*, Doc. No. 139. The agreement did not provide for reversion of part of the fund to Defendant. The *cy pres* provision was funded, if at all, by the amount of uncashed checks after a reasonable waiting period. *Id.* at 18.

preliminary approval of the settlement subject to final determination whether the settlement is fair, reasonable and adequate at the at the final approval hearing. *See, e.g., Bennett v. Behring Corp.*, 737 F. 2d 982, 986 (11th Cir. 1984).

I have identified some typographical errors and omissions in the Second Amended Settlement Agreement and supporting documents, some or all of which the Court may find to be immaterial, as follows[3]:

- Second Amended Settlement Agreement ¶ 3(b)(iv) should reference the *Second* Amended Settlement Agreement.

- Second Amended Settlement Agreement ¶ 4(vi) should provide for dismissal of the case, not simply Named Plaintiff DeLeon's Amended Complaint.

- Second Amended Settlement Agreement ¶ 14 refers to "other Released Parties." Based on the revision to the definition of "Released Parties" discussed above, there are no "other Released Parties."

- Second Amended Settlement Agreement ¶ 28 contains third-party beneficiary language for Defendant Releasees other than Defendant Bank of America, N.A. (USA), and its successor-in-interest FIA Card Services, N.A. Based on the revision to the definition of "Released Parties" discussed above, there should be no other Defendant Releasees who are third-party beneficiaries.

---

[3] This may not be a complete listing of all inconsistencies, errors or omissions in the documents submitted.

- The Second Amended Long-Form Notice, Doc. No. 119-3 at 2, omits the full case number in the second paragraph (reference to 6:09-cv-JA-KRS).

- The Second Amended Long-Form Notice, *id.* at 4*,* in the first paragraph following the heading "WHO REPRESENTS ME?" incorrectly refers to "FIA credit card holders . . . ."

- In the Second Amended Long-Form Notice, *id.* at 5*,* the word "HOW" should be omitted from the heading, "HOW CAN I OBJECT TO THE SETTLEMENT WITHOUT EXCLUDING MYSELF FROM THE CLASS?"

- Appendix A to the Second Amended Long-Form Notice, *id.* at 8, should refer to the Second Amended Settlement Agreement in the second paragraph following the heading "Release."

- The proposed Preliminary Approval Order contemplates another briefing schedule for Plaintiff's Motion for Attorney's Fees and Incentive Award. Doc. No. 119-5 at 1. The motion for attorney's fees has already been filed and it should be made available for review by putative class members as part of their decision whether to exclude themselves from the class. *See* Doc. No. 74.

- The address for submitting objections set forth in the proposed Preliminary Approval Order should be revised as follows: Clerk of Court, United States District Court, 401 West Central Boulevard, Suite 1200, Orlando, Florida 32801-0120.

The parties have submitted a proposed form of Preliminary Approval Order. Doc. No. 119-5. Because the Preliminary Approval Order and the findings therein are subject to revision and

reconsideration at the final approval stage, it is within the Court's discretion to enter the proposed order as submitted (or revised) should it find it appropriate to do so.

Failure to file written objections to this Supplemental Report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 4, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy