# Exhibit 1

**THIRD AMENDED SETTLEMENT AGREEMENT**

**APRIL 7, 2014**

# TABLE OF CONTENTS

**Page**

| | | |
|---|---|---|
| 1. | Recitals | 1 |
| 2. | Definitions | 5 |
| 3. | Certification of Settlement Class and Preliminary Approval of Settlement | 10 |
| 4. | Motion for Entry of Final Judgment | 12 |
| 5. | Class Notice and Claim Form | 14 |
| 6. | Exclusion and Termination | 15 |
| 7. | Releases | 17 |
| 8. | Covenants Not to Sue | 19 |
| 9. | Monetary Payment | 20 |
| 10. | Claims Process and Claims Administration | 23 |
| 11. | Settlement Administrator | 25 |
| 12. | Attorneys' Fees and Costs | 26 |
| 13. | Publicity and Confidentiality | 26 |
| 14. | Non-Disparagement | 28 |
| 15. | Notices | 28 |
| 16. | No Admission of Liability | 29 |
| 17. | Settlement Conditioned Upon Approval | 29 |
| 18. | Effect of Settlement | 30 |
| 19. | Evidentiary Preclusion | 30 |
| 20. | Parties Authorized to Enter into the Third Amended Settlement Agreement | 31 |
| 21. | No Additional Persons with Financial Interest | 32 |
| 22. | No Attempt by Parties to Object | 32 |
| 23. | Signatures | 32 |
| 24. | Best Efforts | 32 |
| 25. | Time Periods | 33 |
| 26. | Governing Law | 33 |
| 27. | No Construction Against Drafter | 33 |
| 28. | Third Amended Settlement Agreement Binding on Successors in Interest | 33 |
| 29. | Execution in Counterparts | 34 |
| 30. | Entire Settlement Agreement | 34 |
| 31. | Miscellaneous Provisions | 34 |

## THIRD AMENDED SETTLEMENT AGREEMENT

This Third Amended Settlement Agreement (including its exhibits, the "Third Amended Settlement Agreement") is made and entered into on April 7, 2014, and is submitted to the Court for its approval as set forth below. The Third Amended Settlement Agreement is entered into on behalf of the Representative Plaintiffs and the Settlement Class, by and through the Representative Plaintiffs, Settlement Class Counsel and the Defendant, by and through its authorized signatory (all of the above collectively referred to as the "Parties").

1.      **Recitals.**

WHEREAS, the Amended Complaint in the consolidated action alleges that Defendant engaged in payments processing conduct that allegedly violated the Fair Credit Billing Act, breached the contract stated in the Cardholder Agreement, and violated Florida's Deceptive and Unfair Trade Practices Act;

WHEREAS, by Order dated November 16, 2009, the Court granted in part and denied in part the Defendant's motion to dismiss the Consolidated Action, leaving extant only the breach of contract claim stated in the Amended Complaint;

WHEREAS, the Representative Plaintiffs contend that they have suffered damages as a result of Defendant's alleged conduct;

WHEREAS, the Defendant, Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., vigorously denies that it, its predecessors, or any entity affiliated with it was party to any improper or unlawful conduct, maintains that its conduct has been fair, reasonable and in accordance with applicable contractual terms, and denies that it has violated any federal or state statute, principle of common law or equity, rule or regulation whatsoever;

WHEREAS, arm's length settlement negotiations have taken place between the Representative Plaintiffs, Settlement Class Counsel and the Defendant;

WHEREAS, after discovery and investigation of the facts and after carefully considering the applicable law, the Representative Plaintiffs and Settlement Class Counsel concluded that it was in the best interests of the Settlement Class to enter into a Settlement Agreement in order to avoid the uncertainties of litigation and to assure benefits to the Settlement Class and, on May 18, 2011, the Parties entered into a Settlement Agreement in this matter;

WHEREAS, the Parties submitted the May 18, 2011 Settlement Agreement to the Court for Preliminary Approval but the Court denied such preliminary approval first on August 31, 2011, and then again on April 20, 2012;

WHEREAS, in its Orders denying Preliminary Approval, the Court indicated it had several concerns regarding specific provisions of the May 18, 2011 Settlement Agreement;

WHEREAS, the Parties modified the May 18, 2011 Settlement Agreement by entering into an Amended Settlement Agreement dated September 25, 2012, which addressed all of the concerns articulated by the Court in its denial order and submitted it to the Court for Preliminary Approval on that date;

WHEREAS, the Court requested additional information from the Parties by order of January 2, 2013, which was submitted by the Parties, and thereafter presented to the Court at a hearing on Plaintiff's Amended Motion for Preliminary Approval of the Amended Settlement Agreement and for certification of the settlement Class on January 16, 2013;

WHEREAS, on February 28, 2013, the Court issued a Report and Recommendation finding that the Representative Plaintiffs had standing to enforce the cardholder agreements with Bank of America, N.A. (USA), and to represent the putative settlement class members who made payments in person, online, or by phone which were not credited upon receipt, and that the evidence submitted

was sufficient to establish the numerosity, commonality, typicality, and adequacy of representation requirements of Federal Rule of Civil Procedure, Rule 23(a), and the predominance and superiority requirement of Rule 23(b), but indicating that additional changes to the Amended Settlement Agreement would be required before the Court would approve the settlement, at least preliminarily;

WHEREAS, on September 27, 2013, the Parties entered into a Second Amended Settlement Agreement and, on September 30, 2013, the Representative Plaintiffs filed their Second Amended Motion for Preliminary Approval thereof;

WHEREAS, on November 5, 2013, the Court issued a Report and Recommendation finding that the changes required by its February 28, 2013 Report and Recommendation were resolved in the Parties' Second Amended Settlement Agreement, and noting that some typographical errors and omissions were made in the Parties' Second Amended Settlement Agreement;

WHEREAS, the Court, by its Order of February 5, 2014, requested that the Representative Plaintiffs correct these typographical errors and omissions in a Third Amended Settlement Agreement;

WHEREAS, on March 24, 2014, the Parties entered into a Third Amended Settlement Agreement and the Representative Plaintiffs filed it;

WHEREAS, the Court, by its Order of March 31, 2014, requested that the Representative Plaintiffs make further corrections to the Third Amended Settlement Agreement;

WHEREAS, the Parties wish to modify the Third Amended Settlement Agreement so as to correct the typographical errors and omissions and alleviate any concerns the Court had.  The Parties continue to desire to resolve the present case on a class-wide basis under Federal Rule of Civil Procedure 23, and believe that the terms of this Third Amended Settlement Agreement accomplish that goal;

WHEREAS, the Representative Plaintiffs, Settlement Class Counsel and the Defendant believe the terms and conditions of this Third Amended Settlement Agreement, and the settlement contemplated thereby, are fair, reasonable, and adequate and in the best interests of all members of the Settlement Class; the notice terms of the Third Amended Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; and the claims administration terms fairly and adequately address settlement administration, claims submission, and the allocation of monetary payments among members of the Settlement Class;

WHEREAS, the Defendant has concluded that despite its good faith belief that it is not liable for any of the Claims in the Consolidated Action or otherwise constituting Released Claims and has good defenses thereto, it will enter into this Third Amended Settlement Agreement to avoid the further expense, inconvenience and burden of this litigation, and the risk and uncertainty of continuing these proceedings; and

WHEREAS, the Parties agree that this Third Amended Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any federal or state statute, rule or regulation, or principle of common law or equity, or of any liability or wrongdoing whatsoever, by the Defendant, or of the truth of any of the Claims asserted in the Amended Complaint, any prior complaints in the Consolidated Action, or elsewhere.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned, including the Representative Plaintiffs, the Settlement Class and Defendant, that the Third Amended Settlement Agreement entered into by the Parties on March 24, 2014, is hereby rendered null and void and superseded by the present Third Amended Settlement Agreement, that the Amended Complaint in the consolidated action shall be dismissed on the merits and with prejudice as to the Defendant upon entry of the Final Judgment and Order of Dismissal, and the Consolidated Action in its entirety shall be dismissed and all other Released Claims shall be

finally and fully compromised, settled, and released, subject to the approval of the Court as required by Rule 23 of the Federal Rules of Civil Procedure, on the following terms and conditions:

2.      **Definitions.**

Solely for purposes of this Third Amended Settlement Agreement, including the attached Exhibits, capitalized terms shall have the meanings specified in subsections (a) through (dd) below.  Any capitalized terms used in this Third Amended Settlement Agreement but not defined in subsections (a) through (dd) below shall have the meaning ascribed to them in this Third Amended Settlement Agreement, including in the attached Exhibits:

(a)      "Amended Complaint" means the Amended Complaint and Demand for Jury Trial filed by Heydee De Leon in the consolidated action on June 5, 2009.

(b)      "Approved Settlement Class Member" means a Settlement Class Member determined by the Settlement Administrator to satisfy the requirements to receive a payment or account credit under the terms of this Third Amended Settlement Agreement and shall include only natural persons who have or had a Consumer Credit Card account with Defendant during the Qualifying Period.

(c)      "Claim Form" means the claim form attached hereto as Exhibit A.

(d)      "Class Notice" means a form of notice that contains, in material part, the text stated at Exhibit B or the text stated at Exhibit C.

(e)      "Claim Period" means the deadline stated in the Preliminary Approval Order for the submission of Claim Forms.

(f)      "Confidential Information" means any documents, materials, or information that a party in good faith believes is not in the public domain or involves a trade secret or other personal, confidential, or proprietary information.

5

(g)     "Consolidated Action" means those actions consolidated by the Court's August 17, 2009 Order, namely <u>Mendoza v. Bank of America, N.A. (USA), aka FIA Card Services, N.A.</u>, No. 6:09-cv-1295-Orl-31KRS (M.D. Fla.) and <u>De Leon v. Bank of America, N.A. (USA), aka FIA Card Services, N.A.</u>, No. 6:09-cv-1251-Orl-28KRS (M.D. Fla.).

(h)     "Court" means the United States District Court for the Middle District of Florida.

(i)     "Consumer Credit Card" means a consumer credit card (1) issued by Bank of America, N.A. (USA) and (2) governed by a cardholder agreement in effect during the Qualifying Period, containing the same contractual provision providing that payments would be credited upon receipt as contained in the cardholder agreement governing the named Plaintiffs' credit card accounts with Bank of America, N.A. (USA).

(j)     "Defendant Releasees" means Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.

(k)     "Effective Date" means the date on which the last party to the Third Amended Settlement Agreement executes the Third Amended Settlement Agreement.

(l)     "Final Settlement Approval" occurs when all four of the following conditions are met:

(i)     entry of a Preliminary Approval Order by the Court;

(ii)     final approval of this Third Amended Settlement Agreement, and the settlement contemplated hereby, in all respects by the Court;

(iii)     entry of a Final Judgment and Order of Dismissal; and

(iv)     the Final Judgment and Order of Dismissal become final which for purposes of this Agreement is the later of (A) the day following the date on which the Final Judgment and Order of Dismissal is no longer subject to review by appeal, if no notice of appeal is filed; or, (B) if a notice of appeal is filed, on the day following the date on which the Final Judgment and Order of Dismissal is not subject to further judicial review or appeal, either because a petition for certiorari is denied or by reason of affirmance by a court of last resort or

by lapse of time or otherwise, provided that the Final Judgment and Order of Dismissal are not reversed or materially modified by the Court or any reviewing court.

(m)     "Final Judgment and Order of Dismissal" means the entry by the Court of an order and final judgment substantially in the form as contemplated by this Agreement.

(n)      "Lead Class Counsel" shall mean John Yanchunis of Morgan & Morgan, P.A.

(o)     "Litigation" means the Consolidated Action, including, without limitation, any appeals or requests for leave to appeal therefrom, and any matters asserted in any of the complaints, pleadings, filings, interrogatory responses, or other papers filed or served or consolidated in the Consolidated Action.

(p)     "Net Settlement Amount" means the Settlement Amount less Court-approved attorneys' fees and costs, service award to the Representative Plaintiffs, Settlement Costs, and any other deduction approved by the Court; excepting that the Cy Pres Amount, if any, shall not be deducted from the Settlement Amount in calculating the Net Settlement Amount.

(q)      "Person" or "Persons" includes only natural persons and not any corporate or governmental or other entity.

(r)     "Preliminary Approval Order" means the entry by the Court of an order preliminarily approving the settlement that is substantially in the form as contemplated by this Third Amended Settlement Agreement.

(s)     "Qualifying Payment" means a payment by a Bank of America, N.A. (USA)  cardholder on a Consumer Credit Card account made during the Qualifying Period where the payment is (1) equal to or in excess of the minimum payment due for the monthly billing cycle in which it is made and (2) made, or alleged by the cardholder to be made, on or before the

7

same day as the "Payment Due Date" or other deadline stated in the operative cardholder agreement, cardholder statement or other disclosure to the cardholder.  Expressly excluded from the definition of "Qualifying Payment" are any payments made to any credit card account other than a Consumer Credit Card account or any payments initially credited by Bank of America, N.A. (USA) to the Bank of America, N.A. (USA) cardholder's account but later determined to have been erroneously credited in whole or in part due to the payment having been deficient for non-sufficient funds.

(t)    "Qualifying Period" means from April 1, 2005 to October 19, 2006, which is the period during which Bank of America, N.A. (USA)'s Consumer Credit Card agreements provided that payments would be credited upon receipt.

(u)    "Released Claims" are: (i) those that  each Representative Plaintiff and each Settlement Class Member brought or could have brought against Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.,  for, based on, by reason of, or arising from or relating to any late payment assessed by Bank of America, N.A. (USA), on Qualifying Payments during the Qualifying Period based in whole or in part on the method of crediting of payments to Consumer Credit Card accounts upon receipt by Bank of America, N.A. (USA), which includes any claims arising from or relating to the failure to credit such payments by a given date during the Qualifying Period; and (ii) claims arising out of the prosecution or defense of the Consolidated Action, or either of them, including but not limited to, claims for breach of contract, breach of implied covenant of good faith and fair dealing, or violation of any applicable consumer protection statute of a state in which Representative Plaintiffs or any class member reside, except nothing in this Third Amended Settlement Agreement releases any claim arising out of the violation or breach of the terms of this Third Amended Settlement Agreement.

(v)      "Representative Plaintiffs" means the named plaintiff in the Amended

Complaint in this action, Heydee De Leon, and the named plaintiff in <u>Mendoza v. Bank of</u>

<u>America, N.A. (USA), aka FIA Card Services, N.A.</u>, No. 6:09-cv-1295-Orl-31KRS (M.D. Fla.),

Jennifer Mendoza, which has been consolidated into this action.

(w)      "Settlement Administrator" means the settlement administrator retained by

Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., pursuant

to Section 11 and approved by the Court pursuant to the Preliminary Approval Order.

(x)      "Settlement Amount" means ten million U.S. dollars ($10,000,000).

(y)      "Settlement Class" means all Persons who, at any time during the

Qualifying Period:  (1) had a Consumer Credit Card account with Bank of America, N.A. (USA);

(2) made a Qualifying Payment in connection with that account (i) in person at any Bank of

America banking center; (ii) by phone using Bank of America's pay-by-phone service; or (iii)

electronically using Bank of America's online banking services; and (3) who incurred a late

payment fee, finance charge, or other fees, penalties or charges, in connection with the timing of

such payment that was not waived or refunded.  For avoidance of doubt, all three conditions (1)

through (3) must be satisfied to be eligible for Settlement Class membership.

(z)      "Settlement Class Counsel" means any  lawyers so designated by the

Court of record in the Consolidated action from Morgan & Morgan, P.A., One Tampa City

Center, Suite 700, Tampa, Florida 33602, and CPLS, P.A., 201 E. Pine Street, Suite 445,

Orlando, Florida, 32801.

(aa)      "Settlement Class Member(s)" means all members of the Settlement Class

who or which have not timely and properly opted out of the Settlement Class as permitted by the

Court.

(bb)   "Settlement Costs" means all costs of providing Class Notice to the Settlement Class as ordered by the Court plus all fees, costs and expenses of settlement administration.  This includes, but is not limited to, the fees, costs and expenses associated with: preparing, printing and mailing Class Notices and/or Claim Forms; retaining the Settlement Administrator; creating, hosting and maintaining the Settlement Website; establishing, operating and maintaining the Settlement 1-800 number; receiving, processing and verifying Claim Forms; data storage; establishing and maintaining the designated post office boxes for receiving Claim Forms and opt-out requests; opt-out processing costs; preparing, disseminating and filing any data or reports required by the Third Amended Settlement Agreement or the Court; printing, preparing and transmitting payments and account credits to Settlement Class Members (excepting the amounts of the payments themselves); account reconciliation; preparation of the final accounting of the Settlement Administrator; administration and labor incidental or related to the foregoing; and any and all other actions reasonably necessary to the performance, approval and effectuation of the Settlement; provided that Settlement Costs will not include the labor costs of Defendant Releasees' employees or outside counsel.

(cc)   "Settlement Website" means a website to be created and maintained by the Settlement Administrator relating to the Third Amended Settlement Agreement.

(dd)   "Settlement 1-800 number" means a 1-800 number to be created and maintained by the Settlement Administrator for purposes of receiving and responding to requests for Class Notice, Claim Forms and questions about the Settlement.

**3.      Certification of Settlement Class and Preliminary Approval of Settlement.**

(a)   Within 15 days after the Effective Date, Settlement Class Counsel shall submit to the Court a motion for Preliminary Approval of this Third Amended Settlement Agreement, and the settlement contemplated hereby, including, *inter alia*, certification of the

Settlement Class.  No later than fifteen (15) days thereafter, Defendant shall submit any additional filings or materials pertaining to the motion for Preliminary Approval, including, but not limited to, any materials demonstrating compliance with the Class Action Fairness Act of 2005 ("CAFA").

     (b)  The parties agree that Settlement Class Counsel shall request the Court to enter a preliminary approval order that, among other things:

      (i)  preliminarily certifies that any applicable requirements of CAFA have been met;

      (ii)  certifies, for settlement purposes only, the Settlement Class pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure in lieu of the proposed class stated in the Amended Complaint in the consolidated action; provided that neither such certification, nor any other act relating to the negotiation, execution or implementation of this Third Amended Settlement Agreement, shall, (A) be considered as a factor in connection with any class certification issue(s) if the Third Amended Settlement Agreement terminates or Final Settlement Approval does not occur, or (B) result in the waiver of rights, if any, that Defendant may have to require or seek to require arbitration of any Claim with respect to any Person who timely and properly opts out of the Settlement Class, as permitted by the Court, or (C) in the event there is no Final Settlement Approval or this Third Amended Settlement Agreement terminates, result in any waiver of the rights of Defendant to enforce or seek to enforce applicable arbitration rights, if any;

      (iii)  appoints John Yanchunis as Lead Class Counsel for the Settlement Class for settlement purposes only;

      (iv)  preliminarily approves this Third Amended Settlement Agreement and the settlement contemplated hereby as being a fair, reasonable and adequate settlement as to all members of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure;

      (v)  approves the form of Class Notice and Claim Form and finds that the notice program set forth in Section 5 below constitutes the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

      (vi)  directs that notice be provided to the Settlement Class, in accordance with the terms of Section 5 below;

      (vii)  establishes a procedure and a deadline for members of the Settlement Class to object to the settlement or exclude themselves from the Settlement Class, after which deadline no one shall be allowed to object to the settlement or exclude himself or

herself from the Settlement Class or seek to intervene in the Consolidated Action or either action thereunder;

        (viii)   appoints the Settlement Administrator;

        (ix)   preliminarily approves the claims administration and distribution program described at Sections 9 and 10 below, and the resulting allocation of monetary payments to Settlement Class Members, as fair and adequate;

        (x)   stays further proceedings in the Litigation (including any existing discovery obligations) pending Final Settlement Approval or termination of this Third Amended Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate Final Settlement Approval;

        (xi)   schedules a hearing on final approval of the Third Amended Settlement Agreement; and

        (xii)   reserves to the Court exclusive personal and subject matter jurisdiction with respect to the resolution of all matters relating to the implementation or enforcement of the Preliminary Approval Order.

**4.      Motion for Entry of Final Judgment.**

        (a)   If the Court enters a Preliminary Approval Order and the Third Amended Settlement Agreement has not otherwise terminated, then, after notice to the Settlement Classes (as described below in Section 5), and after the expiration of the time for members of the Settlement Class to timely and properly opt out from the Settlement Class, Settlement Class Counsel shall submit to the Court a motion for entry of an order and final judgment.  The parties agree that Settlement Class Counsel shall request the Court to enter a final approval order and judgment that, among other things:

        (i)   certifies that any applicable requirements of CAFA have been met;

        (ii)   approves the claims administration and distribution program described at Sections 9 and 10 below, and the resulting allocation of monetary payments to Settlement Class Members, as fair and adequate;

        (iii)   determines that the Class Notice and Claim Form were disseminated to the members of the Settlement Classes in compliance with the Court's Preliminary Approval Order, and in full satisfaction of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process;

(iv)     finally approves the Third Amended Settlement Agreement, and the settlement contemplated hereby, as fair, reasonable and adequate and in the best interests of the Settlement Class;

(v)      identifies all Persons who or which have timely and properly opted out of the Settlement Class as permitted by the Court;

(vi)     dismisses the consolidated action with prejudice, and (except as provided for in this Third Amended Settlement Agreement) without costs, in favor of the Defendant and against all Settlement Class Members;

(vii)    provides that each of the Releasors unconditionally, fully and finally releases and forever discharges each of the Defendant Releasees from the Released Claims, and expressly terminates any rights of Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code, Section 20-7-11 of the South Dakota Codified Laws, and/or any other similar, comparable, or equivalent laws;

(viii)   permanently bars and enjoins all Settlement Class Members, and any Person actually or purportedly acting on behalf of any Settlement Class Member(s), from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claim, directly or indirectly, in any judicial, administrative, arbitral, or other forum, against any of the Defendant Releasees;

(ix)     finds and orders that no act relating to the negotiation, execution or implementation of this Third Amended Settlement Agreement, shall, (A) result in the waiver of rights, if any, that Defendant may have to require or seek to require arbitration of any Claim with respect to any Person who has timely and properly opted out of the Settlement Class, as permitted by the Court, or (B) in the event there is no Final Settlement Approval or this Third Amended Settlement Agreement terminates, result in any waiver of the rights of any Defendant to enforce or seek to enforce applicable arbitration rights, if any, or prejudice any Person's ability, if any, to oppose or challenge any claim of arbitration rights on any grounds other than any claim of waiver relating to certification of the Settlement Classes or any other act relating to the negotiation, execution or implementation of this Third Amended Settlement Agreement; and

(x)      reserves to the Court exclusive personal and subject matter jurisdiction with respect to the resolution of all matters relating to the implementation or enforcement of this Third Amended Settlement Agreement and the Final Judgment and Order of Dismissal, including, but not limited to, any disputes relating to or arising out of the Releases, the Covenant Not to Sue or Continue Suit, or any Claim Form submitted for payment from the Net Settlement Amount.  In the event that any of the provisions of this Third Amended Settlement Agreement or the Final Judgment and Order of Dismissal is asserted by any Defendant Releasee as a defense in whole or in part to any Claim or otherwise asserted in any other suit, action or other proceeding brought by a Settlement Class Member or any Person actually or purportedly acting on behalf of any Settlement Class Member(s), that Defendant Releasee shall be entitled to an immediate stay and injunction of that suit, action or other proceeding until the Court has entered an order or judgment finally determining any issues

relating to such defense or assertion and no further judicial review of such order or judgment is possible.

     **5.**     **Class Notice and Claim Form.**

     (a)     <u>Timing of Class Notice</u>.  Notice to the Settlement Class shall be accomplished within 120 days after the beginning of the calendar month following the Court's entry of the Preliminary Approval Order and shall be in the forms provided for herein and approved by the Court.

     (b)     <u>Mailed Notice</u>.  Defendant or the Settlement Administrator will send the Class Notice and Claim Form ("Mailed Notice") to members of the Settlement Class who are reasonably identifiable and who, as of the end of the calendar month in which the Preliminary Approval Order is entered by the Court, are either (i) holders of current Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A. credit card accounts who receive their periodic account statements from Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A. by mail; or (ii) holders of closed  Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.  credit card accounts or past holders of  Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A. credit card accounts for whom Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.,   has a reasonably accessible mailing address.   Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.'s Mailed Notice shall be provided through a stand-alone mailing using the Short Form Notice attached hereto as Exhibit C, which describes how recipients can download or obtain by mail the full Class Notice and Claim Form, attached hereto as Exhibit B and A, respectively.  Mailed Notice shall be mailed to the then-current address reflected in Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A. 's computerized account records.

(c)     <u>Settlement Website Notice</u>.  The Settlement Administrator will establish a Settlement Website (which shall be distinct from and not linked to any websites belonging to or otherwise associated with  Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., Settlement Class Counsel, or Representative Plaintiffs) which will publish, and make available a full-length, downloadable form of all important documents filed with the Court in the action, including but not limited to, the Amended Complaint in the consolidated action, the Settlement Agreement and all amendments thereto, including the Third Amended Settlement Agreement, the Class Notice and Claim Form, the motion for preliminary approval, any court orders regarding the settlement, and any motions for attorneys' fees.  The domain name of the website shall be selected by the Settlement Administrator in consultation with Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A. and Settlement Class Counsel.  The Settlement Website will be established within ninety (90) days after the beginning of the calendar month following the Court's entry of the Preliminary Approval Order and before the Mailed Notice is mailed or the Electronic Notice is sent, and shall remain active through Final Settlement Approval.

(d)     <u>Notice Certification</u>.  Prior to Settlement Class Counsel submitting to the Court a motion for entry of an order and final judgment, Defendant or the Settlement Administrator shall serve on Settlement Class Counsel one or more declarations stating that the Mailed Notice, Electronic Notice, and Settlement Website Notice was provided in accordance with the requirements of the Preliminary Approval Order.

**6.      Exclusion and Termination.**

(a)     Members of the Settlement Class will possess the right to exclude themselves from the Settlement Class by sending a written request to an address designated by the Settlement Administrator in accordance with the terms stated in the Class Notice and the

Preliminary Approval Order.  Prior to Settlement Class Counsel submitting a motion for entry of

an order and final judgment, the Settlement Administrator shall serve on Settlement Class

Counsel a declaration identifying the members of the Settlement Class that have validly excluded

themselves.

           (b)       To request exclusion from the Settlement Class, a member of the

Settlement Class need only provide the Claims Administrator or Lead Class Counsel with the

Person's full name, current mailing address and e-mail address (if any) for each of the Person(s)

requesting exclusion along with a statement requesting exclusion from the Settlement Class and

a personal signature for each member of the Settlement Class seeking exclusion.  If available, the

member of the Settlement Class should provide a list of the account number(s) for the credit card

account on which a late fee or other charges were assessed in connection with Qualifying

Payments, but a failure to provide such account number(s) will not affect the validity of any

request for exclusion.  In addition, if there are joint account holders for any of the account(s), the

exclusion request must also include (1) an affirmation that the Person requesting exclusion has

advised any and all joint account holders that they will be excluded from the settlement class as a

result of the request for exclusion or (2) a statement that the Person requesting exclusion cannot

advise any and all joint account holders that they will be excluded from the settlement class and

an explanation as to why the Person cannot advise joint account holders that they will be

excluded under this provision.  The Court may exclude putative class members who cannot

provide notice to joint account holders.  No member of the Settlement Class may opt out through

an actual or purported agent or attorney; all exclusion requests must be personally signed by the

member of the Settlement Class seeking exclusion.  No opt out request may be made on behalf of

a group of persons.  Settlement Class Counsel, the Settlement Administrator, and Defendant shall

use such opt-out information only for purposes of determining and/or establishing whether a Person has timely and properly opted out of the Settlement Class.

(c)     If a timely and valid request for exclusion is made by a member of the Settlement Class, then no payment shall be made with respect to any account(s) of such Person and such Person shall not be a member of the Settlement Class for purposes of this Third Amended Settlement Agreement.

(d)     All members of the Settlement Class who do not opt out of the Settlement Class in accordance with the terms set forth herein will be bound by this Third Amended Settlement Agreement, the settlement contemplated hereby, and all determinations and judgments concerning the Third Amended Settlement Agreement.

(e)     If the number of Persons in the Settlement Class who opt out exceeds 3% of the number of Mailed and Electronic Notices sent out by Defendant and/or the Settlement Administrator, Defendant, in its sole discretion, may terminate the Third Amended Settlement Agreement by serving on Settlement Class Counsel and filing with the Court a notice of termination within twenty one (21) days after the opt-out deadline.  In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the status quo *ante* as if no Third Amended Settlement Agreement had been negotiated or executed.

7.     **Releases.**

(a)     Upon Final Settlement Approval, each Representative Plaintiff and each Settlement Class Member, on behalf of (i) himself or herself, (ii) all of the respective spouses, heirs, executors, administrators, representatives, agents, attorneys, insurers, partners, successors, predecessors in interest who could assert a claim on behalf of that Representative Plaintiff or Settlement Class Member and (iii) any authorized user of the Representative Plaintiff's or Settlement Class Member's Consumer Credit Card, shall have, and shall be deemed to have,

17

fully, finally, and forever released, remised, relinquished and discharged all Released Claims

against all Defendant Releasees and each of them, and at that time, each Representative Plaintiff

and each Settlement Class Member shall have unconditionally, fully and finally released and

forever discharged each of the Defendant Releasees from each of the Released Claims.

        (b)      Each Representative Plaintiff acknowledges and each Settlement Class

Member shall be deemed to acknowledge that he or she may have sustained Released Claims

which are presently unknown and not suspected and that such Released Claims may give rise to

additional damages, expenses and losses in the future which are not now anticipated.  Each

Representative Plaintiff acknowledges and each Settlement Class Member shall be deemed to

acknowledge that this Third Amended Settlement Agreement and the releases in it have been

negotiated in light of this realization and, being fully advised, expressly waives any rights he or

she may have under any statute, common law principle or in equity that would limit the effect of

the foregoing releases to those claims actually known or suspected to exist at the time of the

execution of this Third Amended Settlement Agreement.  Thus, upon Final Settlement Approval,

the Released Claims shall specifically extend to and include claims that Representative Plaintiffs

and the Settlement Class Members do not know or suspect to exist in their favor at the time of

Final Settlement Approval to the extent those claims would relate to Bank of America, N.A.

(USA), and its successor-in-interest, FIA Card Services, N.A.'s method of crediting payments to

Consumer Credit Card accounts during the Qualifying Period.  This paragraph constitutes a

release and waiver of, without limitation as to any other applicable law, section 1542 of the

California Civil Code, and any and all similar laws of other states.  Section 1542 of the

California Civil Code provides:

        A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
        WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
        TO EXIST IN HIS OR HER FAVOR AT THE TIME OF

EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
HER SETTLEMENT WITH THE DEBTOR.

Representative Plaintiffs understand and acknowledge, and each member of the Settlement Class

shall be deemed to understand and acknowledge, the significance of these releases and of this

waiver of California Civil Code section 1542 and of any and all similar laws of other states

relating to limitations on releases, including, without limitation, limitations on releases of

unknown or unliquidated claims.  In connection with such releases, waiver and relinquishment,

Representative Plaintiffs acknowledge, and all members of the Settlement Class shall be deemed

to acknowledge, that they are aware that they may hereafter discover facts in addition to, or

different from, those facts which they now know or believe to be true with respect to the subject

matter of the Settlement and releases, but that it is their intention to release fully, finally and

forever all Released Claims, and in furtherance of such intention, the releases of the Released

Claims will be and will remain in effect notwithstanding the discovery or existence of any such

additional or different facts.

(c)     For avoidance of doubt, none of the foregoing provisions apply to any claims

for breach of this Third Amended Settlement Agreement.

**8.     Covenants Not to Sue.**

Upon Final Settlement Approval, each Representative Plaintiff  and Settlement Class

Member on behalf of (i) himself or herself,  (ii) all of the respective spouses, heirs, executors,

administrators, representatives, agents, attorneys, insurers, partners, successors, predecessors in

interest who could assert a claim on behalf of that Representative Plaintiff or Settlement Class

Member and (iii) any authorized user of the Representative Plaintiff's or Settlement Class

Member's Consumer Credit Card, by operation of the Final Judgment shall have, and shall be

deemed to have, covenanted and agreed that he or she shall not take any step whatsoever to

19

commence, institute, continue, pursue, maintain, prosecute or enforce any Released Claim(s), on behalf of himself or herself or any other Person, against any of the Defendant Releasees, and further warranted and represented that he or she has not assigned, sold or otherwise transferred any Claim that he or she previously had that otherwise would fall within the scope of Section 7.

9.      **Monetary Payment.**

(a)      In complete and final settlement of the Litigation, Defendant agrees to pay up to the Settlement Amount.  In no event shall Defendant pay any part of the Settlement Amount before Final Settlement Approval, except for Settlement Costs incurred prior to that date.  The Settlement Amount shall be inclusive of all distributions to Approved Settlement Class Members, Representative Plaintiffs' service awards, all attorneys' fees and costs, Settlement Costs, the Cy Pres Amount (if any), and any other deduction from the Settlement Amount that is approved by the Court.  Any amount left over after all such payments from the Settlement Amount shall be retained by Defendant.

(b)      Subject to Section 9(c) below, within ninety (90) days of Final Settlement Approval, Defendant shall pay each Approved Settlement Class Member $40 for each late fee the Approved Settlement Class Member was charged on Qualifying Payments made during the Qualifying Period, for up to a maximum of five Qualifying Payments.  In the event that the Net Settlement Amount is insufficient to provide each Approved Settlement Class Member with payment of $40 for each Qualifying Payment, Defendant will pay each Settlement Class Member an amount equal to the Net Settlement Amount divided by the number of all Qualifying Payments of the Approved Settlement Class Members (up to a maximum of five for each Settlement Class Member) (the "Pro Rata Amount").

(c)      No Settlement Class Member will receive any payment under this Third Amended Settlement Agreement unless he or she has been determined to be an Approved

Settlement Class Member by the Settlement Administrator in accordance with the terms of this Third Amended Settlement Agreement and the Settlement Administrator confirms through an audit the number of Qualifying Payments to which the Settlement Class Member is entitled.

(d)     Any Approved Settlement Class Member associated with a credit card account that has been written or charged off by Defendant shall not receive a payment from Defendant but will instead have their liability owing to Defendant offset by the amount allocated to the Approved Settlement Class Member by the Claims Administrator or the amount written or charged off, whichever is the least amount.

(e)     At Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.'s sole discretion, distributions to Approved Settlement Class Members who have an open and active Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.,  credit card account in good standing at the time of payment will be made either: (1) by mailed check to each such Approved Settlement Class Member at the address stated in his or her Claim Form, or (2) by a credit to a  Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.,  credit card account of each such Approved Settlement Class Member, provided that Defendant may in its sole discretion make payment by mailed check to any such Approved Settlement Class Member who would otherwise have a zero or non-statementing balance at the time of distribution.

(f)     Distributions to Approved Settlement Class Members who do not have an open and active Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A. credit card account in good standing at the time of payment and who do not fall within the scope of Section 9(d) above, will be made by mailed check to each such Approved Settlement Class Member at the address stated in her or his Claim Form.  No skip trace or re-mailing of

returned mail will be required.  Any check sent pursuant to this Section 9(f) that is not cashed within 180 days shall be voided and of no effect, in accordance with the provisions of Section 4-404 of the Uniform Commercial Code.  The Settlement Administrator shall ensure that any funds that would have been paid to a class member, but were not because the check was not cashed within 180 days, will be handled according to the state law applicable to where such a class member resides regarding the disposition of unclaimed property.

(g)     No interest shall accrue at any time on payments to be made under the Third Amended Settlement Agreement, whether those payments are to Approved Settlement Class Members, Representative Plaintiffs, Settlement Class Counsel or any other Person.

(h)     The Representative Plaintiffs agree, understand, and acknowledge that Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.,  and/or the Settlement Administrator may issue one or more 1099 Forms in accordance with federal law related to payments or credits made by Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.,  to the Representative Plaintiffs, Approved Settlement Class Members, and Settlement Class Counsel pursuant to this Third Amended Settlement Agreement. The Representative Plaintiffs, Approved Settlement Class Members, and Settlement Class Counsel are solely responsible and agree to release and hold harmless Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.,  for any and all potential and/or actual federal, state, or local tax consequences that result from payments made to any of them under this Third Amended Settlement Agreement.

(i)     After the total cost of distributions to Approved Settlement Class Members has been determined by the Settlement Administrator, a maximum of $500,000 of any funds remaining of the Net Settlement Amount shall constitute the Cy Pres Fund and shall be

22

distributed proportionately to one or more organizations that have been agreed upon by the Representative Plaintiffs, Settlement Class Counsel, and Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.  Any funds remaining in the Net Settlement Amount thereafter shall remain with the Defendant.

        (j)      Defendant shall not oppose an application by Settlement Class Counsel for Court approval for a payment of not more than $2,500.00 (to be paid out of the $10 million) to each of the Representative Plaintiffs for their service as the representatives of the Settlement Class in the Consolidated Action.  Except as specified in this subparagraph and Paragraph 9(b), Defendant shall have no further obligation to make any payment to the Representative Plaintiffs or any Settlement Class Member.

        **10.**     **Claims Process and Claims Administration.**

        (a)      To become an Approved Settlement Class Member, a Settlement Class Member must complete and send an accurate, complete, and truthful Claim Form to the Settlement Administrator, by first class mail, at the designated Post Office box address stated on the Claim Form, postmarked no later than the last day of the Claim Period or by submission through an on-line claim form to be made available by the Settlement Administrator on the Settlement Website.  The Settlement Administrator and Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., will have no obligation to honor any Claim Forms received by mail with a postmark dated after the end of the Claim Period or submitted on-line after the end of the Claim Period, even if such Claim Form otherwise would be valid, or any Claim Form that is not complete, accurate, and truthful.   Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., will have no obligation to honor any Claim Form mailed to an address other than the designated Post Office box.

(b)     The Settlement Administrator shall review each Claim Form timely submitted to determine whether the claimant is an Approved Settlement Class Member, and if so, how many Qualifying Payments the claimant should receive payment for (up to a maximum of five Qualifying Payments).  Prior to Settlement Class Counsel submitting a motion for entry of an order and final judgment, the Settlement Administrator shall notify Defendant of the final number of Approved Settlement Class Members and the final total amount to be paid to the Approved Settlement Class Members, and serve on Settlement Class Counsel a declaration stating such numbers.

(c)     Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., may take such steps as it deems necessary and appropriate in its sole discretion to verify the information provided on Claim Forms by Settlement Class Members and to prevent fraudulent claims.  In doing so, Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., shall be entitled to rely on information contained in its business records relating to the Settlement Class Members' accounts.   Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., may review any Claim Form at any time, and shall receive on a regular basis reports from the Settlement Administrator stating the number of Approved Settlement Class Members as well as the number of invalid Claim Forms received. Nothing herein is intended or shall be construed to obligate Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., or the Settlement Administrator to verify each or any Claim Form submitted.

(d)     Claim Forms will be subject to verification by the Settlement Administrator, in consultation with Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., for sixty (60) days after the later of the last day of the Claim Period.

The Settlement Administrator will provide notice of denials to Settlement Class Counsel on a monthly basis beginning one month after the last day of the Claim Period.  Settlement Class Counsel will have ten (10) days after receiving a claims report from Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.,  to dispute any denied claims. Denied claims that are not disputed will remain denied.  The Parties will attempt in good faith to resolve any disputed denied claims and, should they fail to resolve any dispute, Settlement Class Counsel may seek judicial resolution before the Court of any denied claims within twenty (20) days after receiving the operative claims report; otherwise, the claims will remain denied.

      **11.**      **Settlement Administrator.**

      (a)      The Settlement Administrator will be Rust Consulting, Inc.  The Settlement Administrator shall be appointed by the Court in the Preliminary Approval Order and, subject to Court approval, paid from the Settlement Fund for the duties described in this section 11 and elsewhere in the Third Amended Settlement Agreement, including any Exhibit attached hereto.

      (b)      In addition to the duties described elsewhere in this Third Amended Settlement Agreement, including any Exhibit attached hereto, the Settlement Administrator shall:

      (i)      Establish and operate the Settlement 1-800 Number;

      (ii)      Create, host and maintain the Settlement Website;

      (iii)      If requested by  Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., prepare, print and mail some or all Mailed Notices and Claim Forms, and/or prepare and transmit some or all the Electronic Notices;

      (iv)      Establish and maintain a Post Office box for Claim Form submission, establish and maintain an on-line electronic claim submission system, and compile and process all Claim Forms submitted by mail or on-line;

      (v)      Establish and maintain a Post Office box for requests for exclusion from the Settlement Class and process and compile all requests for exclusion;

(vi)     If requested by Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., prepare and distribute checks to Approved Settlement Class Members pursuant to Section 9 as well as ensure any unclaimed funds are handled as required by applicable state law; and

(vii)     Maintain and oversee data storage relating to the Third Amended Settlement Agreement and claims process, and engage in account reconciliation, and general administration incidental to the foregoing.

## 12.     Attorneys' Fees and Costs.

The attorneys in the Consolidated Action from Morgan & Morgan, P.A., and CPLS, P.A., may apply to the Court for an award of attorney's fees and costs in an amount not to exceed 25% of the $10 million Settlement Amount.   The Third Amended Settlement Agreement and settlement contemplated hereby is not conditioned upon the Court's approval of the fees or costs sought by the attorneys in the Consolidated Action from Morgan and Morgan, P.A. and CPLS, P.A.  No interest will accrue on such amounts at any time.  Any attorneys' fees and costs awarded by the Court shall be paid out of the Settlement Amount, and Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., shall have no other or further liability for attorneys' fees and costs to the Representative Plaintiffs, any member of the Settlement Class, or any Settlement Class Counsel.  No such attorneys' fees or costs will be paid until Final Settlement Approval at the earliest.

## 13.     Publicity and Confidentiality.

(a)     Neither Class Counsel nor Representative Plaintiffs shall issue press releases or make other public statements regarding the Settlement unless Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.,  agrees to such press releases or public statements in advance.  Neither Settlement Class Counsel nor the Representative Plaintiffs shall make a statement of any kind to any third party regarding the Third Amended Settlement Agreement or the settlement contemplated hereby prior to applying for preliminary approval.

The Parties may make public statements to the Court as necessary to obtain preliminary or final approval of the Settlement.  After Preliminary Approval, a Party, Class Counsel, or Defendant's counsel may say only some or all of the following or substantially the following in response to inquiries by the press or otherwise without seeking prior approval from the other Party:  that the Settlement was arrived at after extensive negotiations; the Settlement is fair and reasonable and in the best interest of all Parties and Settlement Class Members; the Settlement was entered into in order to end costly, burdensome and lengthy litigation; and/or the Settlement does not constitute any admission of any wrongdoing by Defendant, which continues to assert that it acted lawfully at all times.  In addition, in response to inquiries or requests by the press or otherwise, Settlement Class Counsel and Defendant's Counsel may provide copies of the Complaint and executed settlement documents.  This subsection shall not prohibit Settlement Class Counsel from communicating with any Settlement Class Member regarding the Litigation or the Third Amended Settlement Agreement; provided, however, that Settlement Class Counsel must comply with all confidentiality agreements and protective orders in the Litigation in communicating with such persons and will not disclose information that is not a part of the public record.

(b)     Settlement Class Counsel, on behalf of themselves and their expert witnesses and consultants as well as others retained by them, acknowledge that during the course of the Litigation, they have received Confidential Information.  It is agreed that, within thirty (30) days after the Final Settlement Approval, the originals and all copies of all confidential documents and/or information subject to any confidentiality agreements and/or any protective orders in the Litigation shall either be returned to the designating party or destroyed, and each counsel who received such protected documents and/or information shall furnish a certification

27

attesting to such return or destruction.  Within the same time period, Settlement Class Counsel

will identify for  Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services,

N.A.,  any expert witnesses, outside consultants, or other individuals or entities to whom they

provided Confidential Information, and will obtain from those persons all copies of Confidential

Information and will return those copies to  Bank of America, N.A. (USA), and its successor-in-

interest, FIA Card Services, N.A.,  or, not later than thirty (30) days after Final Settlement

Approval, certify that Settlement Class Counsel have destroyed such copies.

> **14.    Non-Disparagement.**

The Representative Plaintiffs and Settlement Class Counsel agree to refrain from

disparaging Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services,

N.A., in the media (including, without limitation, descriptions on the websites of Settlement

Class Counsel) regarding any issue related to this case.   Bank of America, N.A. (USA), and its

successor-in-interest, FIA Card Services, N.A., agrees to refrain from disparaging the

Representative Plaintiffs and Settlement Class Counsel in the media regarding any issue related

to this case.  Failure to abide by this provision will constitute a breach of this Third Amended

Settlement Agreement.

> **15.    Notices.**

Any communication, verification, or notice sent by any Party in connection with this

Settlement shall be given by email or U.S mail as follows:

> To Representative Plaintiffs' Lead Class Counsel:
>
> John Yanchunis
> Morgan & Morgan, P.A.
> One Tampa City Center, Suite 700
> Tampa, Florida 33602
> E-mail: jyanchunis@forthepeople.com

To Defendant, Bank of America, N.A. (USA)'s, and its successor-in-interest, FIA Card
Services, N.A.'s Counsel:

Mark P. Ladner
David J. Fioccola
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
E-mail: mladner@mofo.com
E-mail: dfioccola@mofo.com

**16.    No Admission of Liability.**

It is expressly declared and acknowledged that Defendant denies any liability for the
wrongdoings alleged in the Litigation and is settling solely to avoid the cost, uncertainties, and
inconvenience of litigation.

**17.    Settlement Conditioned Upon Approval.**

The settlement reflected by this Third Amended Settlement Agreement is expressly
conditioned on entry of the Preliminary Approval Order and the Final Judgment and Order of
Dismissal with Prejudice without material modification by the Court.  In the event of a failure to
obtain any of the required provisions of such orders, including, but not limited to, the denial of
any motion seeking preliminary or final approval of the Settlement or a substantive modification
of the Preliminary Approval Order and the Final Judgment and Order of Dismissal with
Prejudice by the Court or as a result of any appeal, this Third Amended Settlement Agreement,
all prior versions hereof, and settlement contemplated hereby will become null and void, and all
Parties will return, without prejudice, to the status quo *ante* as of the date of the initial Settlement
Agreement as if neither this Third Amended Settlement Agreement or any prior versions thereof
had been executed.  In such event, certification of the Settlement Class will be void, no doctrine
of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the
Litigation, and this Third Amended Settlement Agreement, any prior versions hereof, and their

29

negotiation, terms and existence shall be inadmissible to establish any fact relevant to class

certification or any alleged liability of Bank of America, N.A. (USA), and its successor-in-

interest, FIA Card Services, N.A.,  for the matters alleged in the Litigation or for any other

purpose whatsoever.

18.     **Effect of Settlement.**

Neither the Third Amended Settlement Agreement (including any prior versions thereof),

nor any act performed or document exchanged or executed pursuant to or in negotiation of or in

furtherance of the Third Amended Settlement Agreement:  (i) is or may be deemed to be or may

be used as an admission of, or evidence of, the validity of any Released Claim, or of any alleged

wrongdoing or liability of the Released Parties; (ii) is or may be deemed to be or may be used as

an admission of, or evidence of, any fault or omission of the Released Parties in any civil,

criminal or administrative proceeding in any court, administrative agency or other tribunal; or

(iii) is or may be deemed to be a waiver of  Bank of America, N.A. (USA), and its successor-in-

interest, FIA Card Services, N.A.'s right to seek to enforce any arbitration provision in other

cases or against any members of the Settlement Class who opt out.  The Released Parties may

file the Third Amended Settlement Agreement and/or the Preliminary Approval Order and the

Final Judgment and Order of Dismissal with Prejudice in any action or proceeding that may be

brought against them in order to enforce the provisions of the Third Amended Settlement

Agreement or to support a defense or counterclaim based on principles of *res judicata*, collateral

estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim

preclusion or issue preclusion or similar defense or counterclaim.

19.     **Evidentiary Preclusion.**

In the event that the Third Amended Settlement Agreement is not approved as presented,

or Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.,

withdraws from the Third Amended Settlement Agreement as set forth herein, the Parties agree that neither the settlement terms nor any publicly disseminated information regarding the Third Amended Settlement Agreement, including, without limitation, the mailed, electronic, or settlement website notices, or any court filings, orders and public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of, nor any documents relating to,  Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.'s withdrawal from the Third Amended Settlement Agreement, any failure of the Court (or on appeal) to approve the settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

      **20.**      **Parties Authorized to Enter into Third Amended Settlement Agreement.**

The individuals executing this Third Amended Settlement Agreement on behalf of a Party represent and warrant that they are fully authorized to execute this Third Amended Settlement Agreement on such party's behalf and to carry out the obligations provided for therein.  The individuals executing this Third Amended Settlement Agreement on behalf of a Party covenants, warrants and represents that they are and have been fully authorized to do so by such Party.  Each Party represents and warrants that they intend to be bound fully by the terms of this Third Amended Settlement Agreement.

**21.    No Additional Persons with Financial Interest.**

Representative Plaintiffs and Settlement Class Counsel warrant and represent that they are not aware of any Persons having any interest in any award of attorneys' fees, costs, and litigation expenses in connection with the Litigation other than Settlement Class Counsel.  Representative Plaintiffs and Settlement Class Counsel agree to indemnify and hold Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., harmless from any claim by any Person for an award of attorneys' fees, costs, and litigation expenses in connection with the Litigation.

**22.    No Attempt by Parties to Object.**

Representative Plaintiffs, Settlement Class Counsel and Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., each represent and warrant that they have not attempted to, nor will they, solicit, encourage, or assist in any fashion any effort by any Person to object to the Third Amended Settlement Agreement or the settlement contemplated hereby.

**23.    Signatures.**

The Parties and their counsel may sign separate copies of this Third Amended Settlement Agreement, which together will constitute one Third Amended Settlement Agreement.  In addition, signatures sent in PDF format, by email, or by facsimile constitute sufficient execution of the Third Amended Settlement Agreement.

**24.    Best Efforts.**

The Parties agree to cooperate in preparing and reviewing the documents and performing all other acts contemplated herein in a timely manner.  Settlement Class Counsel and Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., consider the settlement described herein to be fair and reasonable and will use their best efforts to seek

approval of the settlement by the Court, including by responding to any objectors, intervenors or other persons or entities seeking to preclude entry of the Final Judgment and Order, and, if the settlement is granted final approval, to effectuate the settlement's terms.  Notwithstanding the foregoing, Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A., shall have no obligation to join in any motions for preliminary or final approval.

## 25.      Time Periods.

The time periods and dates described in this Third Amended Settlement Agreement with respect to the giving of Class Notice and hearings will be subject to Court approval and modification by the Court or by written stipulation of counsel.

## 26.      Governing Law.

The Third Amended Settlement Agreement is governed by the laws of the state of Delaware.

## 27.      No Construction Against Drafter.

The Third Amended Settlement Agreement is deemed to have been drafted by all Parties, and any rule that a document shall be interpreted against the drafter will not apply to this Third Amended Settlement Agreement.

## 28.      Third Amended Settlement Agreement Binding on Successors in Interest.

This Third Amended Settlement Agreement is binding on and shall inure to the benefit of the respective heirs, successors, and assigns of the Parties.  The Defendant Releasees are authorized to enforce the Releases in Section 7 (and all waiver of rights therein), the Covenant Not to Sue in Section 8, the Preliminary Approval Order, and the Final Judgment and Order of Dismissal, as applicable to them.

**29.     Execution in Counterparts.**

This Third Amended Settlement Agreement is effective upon its execution by all Parties. The Parties may execute the Third Amended Settlement Agreement in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**30.     Entire Settlement Agreement.**

This Third Amended Settlement Agreement contains the entire Settlement Agreement between the Parties and supersedes all prior understandings, Settlement Agreements, negotiations or writings regarding the subject matter of this Third Amended Settlement Agreement. This Third Amended Settlement Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives.

**31.     Miscellaneous Provisions.**

(a)     Each and every exhibit to this Third Amended Settlement Agreement is incorporated herein by this reference as though fully set forth herein.

(b)     The waiver by one party of any breach of this Third Amended Settlement Agreement by any other Party shall not be deemed a waiver, by that Party or by any other Party, of any other prior or subsequent breach of this Third Amended Settlement Agreement.

(c)     Each Party to this Third Amended Settlement Agreement warrants that he, she or it is acting upon his, her or its independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Third Amended Settlement Agreement.

(d)   This Third Amended Settlement Agreement has been carefully read by each of the Parties, or their responsible officers thereof, and its contents are known and understood by each of the Parties. This Third Amended Settlement Agreement is signed freely by each party executing it.

(e)   No party to this Third Amended Settlement Agreement has heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands, or cause or causes of action disposed of or released by this Third Amended Settlement Agreement.

(f)   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Third Amended Settlement Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Third Amended Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Third Amended Settlement Agreement to be executed:

Dated: 4-6 , 2014          PLAINTIFF JENNIFER MENDOZA

Jennifer Mendoza

Dated: _____, 2014          PLAINTIFF HEYDEE DE LEON

Heydee De Leon

35

(d)     This Third Amended Settlement Agreement has been carefully read by each of the Parties, or their responsible officers thereof, and its contents are known and understood by each of the Parties. This Third Amended Settlement Agreement is signed freely by each party executing it.

(e)     No party to this Third Amended Settlement Agreement has heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands, or cause or causes of action disposed of or released by this Third Amended Settlement Agreement.

(f)     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Third Amended Settlement Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Third Amended Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Third Amended Settlement Agreement to be executed:

Dated: _____, 2014          PLAINTIFF JENNIFER MENDOZA

_____
Jennifer Mendoza

Dated: _4-6_, 2014          PLAINTIFF HEYDEE DE LEON

_____
Heydee De Leon

35

Dated: _____, 2014          Defendant, Bank of America, N.A. (USA), and its successor-in-
                              interest, FIA Card Services, N.A.,


_____
Jason Gaughan
Senior Vice President


APPROVED AS TO FORM:


Dated: April 7, 2014
                              MORGAN & MORGAN P.A.


                              _____
                              John Yanchunis
                              COUNSEL FOR REPRESENTATIVE PLAINTIFFS
                              Jennifer Mendoza and Heydee De Leon


APPROVED AS TO FORM:


Dated: _____, 2014          MORRISON & FOERSTER, LLP


                              _____
                              Mark P. Ladner
                              David J. Fioccola
                              COUNSEL FOR DEFENDANT
                              Bank of America, N.A. (USA), and its successor-in-interest, FIA
                              Card Services, N.A.


36

Dated: _____, 2014      Defendant, Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A.,

_____

Jason Gaughan
Senior Vice President

APPROVED AS TO FORM:

Dated: _____, 2014

      MORGAN & MORGAN P.A.

_____

John Yanchunis
COUNSEL FOR REPRESENTATIVE PLAINTIFFS
Jennifer Mendoza and Heydee De Leon

APPROVED AS TO FORM:

Dated: 4-7-, 2014      MORRISON & FOERSTER, LLP

_____

Mark P. Ladner
David J. Fioccola
COUNSEL FOR DEFENDANT
Bank of America, N.A. (USA), and its successor-in-interest, FIA
Card Services, N.A.

36

Dated: _4/7_, 2014                      Defendant, Bank of America, N.A. (USA), and its successor-in-
                                        interest, FIA Card Services, N.A.,


                                        _____
                                        Jason Gaughan
                                        Senior Vice President


APPROVED AS TO FORM:


Dated: _____, 2014
                                        MORGAN & MORGAN P.A.


                                        _____
                                        John Yanchunis
                                        COUNSEL FOR REPRESENTATIVE PLAINTIFFS
                                        Jennifer Mendoza and Heydee De Leon


APPROVED AS TO FORM:


Dated: _____, 2014                     MORRISON & FOERSTER, LLP


                                        _____
                                        Mark P. Ladner
                                        David J. Fioccola
                                        COUNSEL FOR DEFENDANT
                                        Bank of America, N.A. (USA), and its successor-in-interest, FIA
                                        Card Services, N.A.