UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEYDEE DE LEON and JENNIFER
MENDOZA, on behalf of themselves
and others similarly situated,

        Plaintiffs,

v.                              Case No:  6:09-cv-1251-Orl-28KRS

BANK OF AMERICA, N.A. (USA) n/k/a
FIA CARD SERVICES, N.A.

        Defendant.

---

## ORDER AND NOTICE OF HEARING

This case is before the Court on Plaintiffs' Second Amended Motion for Preliminary Approval of Amended Settlement Agreement and for Certification of the Settlement Class ("Second Amended Motion").  (Doc. 119).    On February 28, 2013, the United States Magistrate Judge submitted a Report and Recommendation that identified remaining issues with the settlement agreement. (Doc. 105). On November 4, 2013, the Magistrate Judge submitted a Supplemental Report (Doc. 123), stating that certain issues with previous versions of the settlement agreement had been resolved in the settlement documents attached to the Second Amended Motion (the "Second Amended Settlement Agreement" and its accompanying documents).  In the Supplemental Report, however, the Magistrate Judge noted that the Second Amended Settlement Agreement contained a number of typographical errors.  On February 5, 2014, the United States District Judge issued an Order directing Plaintiffs to file a Third Amended Settlement Agreement correcting the errors in the document, including those that the Magistrate Judge identified

in the Supplemental Report.  (Doc. 124).  Responding to the Court's February 5, 2014 Order, Plaintiffs submitted the Third Amended Settlement Agreement along with corrected versions of the Claim Form, Long-Form Notice, Short-Form Notice and Proposed Order on March 24, 2014. (Doc. 125).  The Third Amended Settlement Agreement was substantively identical to the Second Amended Settlement Agreement but corrected the errors that the Magistrate Judge identified in her Supplemental Report.  On March 31, 2014, the United States District Judge issued an Order identifying additional errors present in the various settlement documents submitted to the Court and directed Plaintiffs to correct the Third Amended Settlement Agreement and relevant forms.  (Doc. 127).  Plaintiffs filed their corrected version of the Third Amended Settlement Agreement along with corrected versions of the Claim Form, Long-Form Notice and Short-Form Notice on April 7, 2014. (Doc. 128).  Upon review of the corrected documents the United States District Judge issued an Order on May 5, 2014 directing Plaintiffs to file a new Proposed Preliminary Approval Order by May 12, 2014 which accounts for this Court's March 31, 2014 Order and Plaintiffs' recent filings.  (Doc. 129).

Plaintiffs have requested that the Court approve the corrected version of the Third Amended Settlement Agreement,[1] which is designed to correct the issues that the Magistrate Judge identified in the February 28, 2013 Report and Recommendation (Doc. 105), as well as the errors that she identified in the November 4, 2013 Supplemental Report (Doc. 123) and the errors identified by the United States District Judge on March 31, 2014 (Doc. 127).  After an independent *de novo* review of the record in this matter, consideration

---

[1] Throughout this Order, the "corrected version of the Third Amended Settlement Agreement" or the "corrected Third Amended Settlement Agreement" or the "Third Amended Settlement Agreement as corrected" refers to the Third Amended Settlement Agreement filed as Exhibit 1 to Doc. 128 on April 7, 2014.

of the Magistrate Judge's earlier Reports and Recommendations (Doc. Nos. 75 and 105) and current Supplemental Report (Doc. 123), as well as Plaintiffs' Objections to the February 28, 2013 Report and Recommendation (Doc. 108), Plaintiffs' arguments at a hearing held before the Court on August 21, 2013, and Plaintiffs' present motion requesting preliminary approval along with the corrected documents submitted by Plaintiffs, it is **ORDERED** as follows:

1.      The February 28, 2013 Report and Recommendation (Doc. 105) is **ADOPTED IN PART,** and the November 4, 2013 Supplemental Report (Doc. 123) is also **ADOPTED IN PART** as described herein.

2.      Plaintiffs' Second Amended Motion for Preliminary Approval of Amended Settlement Agreement and for Certification of the Settlement Class (Doc. 119) is deemed as requesting approval of the current Third Amended Settlement Agreement and is **GRANTED**.   The Third Amended Settlement Agreement is preliminarily approved, and a settlement class is preliminarily certified, as set forth herein.

3.      In the Supplemental Report (Doc. 123), the Magistrate Judge states that many of the issues that had been previously identified as problematic in the February 28, 2013 Report and Recommendation (Doc. 105) were adequately addressed by the parties' Second Amended Settlement Agreement.

4.      First, in the Supplemental Report, the Magistrate Judge indicates that the Second Amended Settlement Agreement has been amended so as to limit the settlement class to natural persons who at any time between April 1, 2005 and October 19, 2006 had a consumer credit card account with Bank of America, N.A. (USA). The Magistrate Judge concludes that the named Plaintiffs, De Leon and Mendoza, have standing to represent a

settlement class as so defined. The Court concurs with the conclusion that the named Plaintiffs, De Leon and Mendoza, have standing to represent the individuals falling within the settlement class as defined in the Second Amended Settlement Agreement and hereby adopts that portion of the Supplemental Report. Because the settlement class defined in the Second Amended Settlement Agreement is the same as the settlement class defined in the Third Amended Settlement Agreement, this conclusion extends to the Third Amended Settlement Agreement as corrected.

5.      Second, in the Supplemental Report, the Magistrate Judge examines the scope of the term "Defendant Releasees" in the Second Amended Settlement Agreement. According to the Magistrate Judge, previous versions of the parties' settlement agreement had an overly broad definition of this term, which had the effect of including many individuals and entities other than the named Defendant in the scope of the proposed release. The Magistrate Judge notes that in the Second Amended Settlement Agreement, "Defendant Releasees" is defined as only the named Defendant—Bank of America, N.A. (USA) and its successor-in-interest, FIA Card Services, N.A. Accordingly, the Magistrate Judge concludes that the previously stated concerns regarding the settlement agreement identifying the released individuals and entities have been resolved. The Court agrees with this conclusion and hereby adopts it. In addition, because the term "Defendant Releasees" as defined in the Second Amended Settlement Agreement is the same as the "Defendant Releasees" defined in the corrected Third Amended Settlement Agreement, the Court extends this finding to the corrected Third Amended Settlement Agreement, as well.

6.      Third, in the Supplemental Report, the Magistrate Judge indicates that she had previously raised concerns about the breadth of "Released Claims" as defined in prior

versions of the settlement agreement.  The Magistrate Judge concludes, however, that the Second Amended Settlement Agreement resolves those concerns by limiting the term to include only "claims that (i) each Representative Plaintiff and each Settlement Class Member brought or could have brought against Bank of America, N.A. (USA), and its successor-in-interest, FIA Card Services, N.A. for, based on, by reason of, or arising from or relating to any late payment assessed by Bank of America, N.A. (USA) on Qualifying Payments during the Qualifying Period based in whole or in part on the method of crediting of payments . . . by a given date during the Qualifying Period, and (ii) claims arising out of the prosecution or defense of the Consolidated Action, or either of them, including but not limited to, claims for breach of contract, breach of implied covenant of good faith and fair dealing, or violation of any applicable consumer protection statute of a state in which Representative Plaintiffs or any class member reside, except for claims of breach of the Second Amended Settlement Agreement."  (Doc. 123 at 3).  The Court agrees that this definition of "Released Claims" is appropriate and hereby adopts the Supplemental Report with regard to this point.  The term "Released Claims" is defined identically in both the Second Amended Settlement Agreement and the Third Amended Settlement Agreement, as corrected.    Accordingly, the Court adopts and extends the Magistrate Judge's conclusions on this issue to the corrected Third Amended Settlement Agreement.

7.     Fourth, the Supplemental Report examines the requirement that Settlement Class Members certify that they have notified all joint account holders that they will be excluded from the settlement class if the putative Settlement Class Members request to be excluded.  The Magistrate Judge concludes that this requirement under the Second Amended Settlement appears to be fair because the Second Amended Settlement

Agreement now permits a putative Settlement Class Member to explain why notice could not be given to joint account holders and it permits the Court to exclude a putative Settlement Class Member who cannot provide notice to joint account holders. The Court adopts this finding which, as before, also applies to the corrected Third Amended Settlement Agreement because this corrected version of the settlement agreement carries forward the very same language the Magistrate Judge evaluated in the Second Amended Settelement Agreement.

8.     Fifth, the Supplemental Report notes that the parties have made the modifications to the proposed short-form and long-form notices recommended by the Court in the February 28, 2013 Report and Recommendation, and that the parties have removed the request for an injunction in the proposed Preliminary Approval Order. The Court adopts these conclusions, as well, and again, recognizes that the Magistrate's conclusions on this issue are appropriately carried forward to the proposed notices attached to the corrected Third Amended Settlement Agreement which contain the same modifications as were present in the versions the Magistrate Judge was reviewing.

9.     Sixth, in the Supplemental Report, the Magistrate Judge also identifies a number of typographical errors in the Second Amended Settlement Agreement and supporting documents. The Court finds that the errors identified in the Second Amended Settlement Agreement have been corrected in the corrected Third Amended Settlement Agreement and its accompanying documents. Thus, the Court declines to adopt the portion of the Supplemental Report identifying errors in the Second Amended Settlement Agreement as moot because the parties have corrected these errors and additional errors in the corrected Third Amended Settlement Agreement that is now before the Court.

10.     Having reviewed the Supplemental Report and, in part, adopted its findings, the Court will now turn to the substance of Plaintiffs' request for preliminary certification of a settlement class and preliminary approval of the terms of the Third Amended Settlement Agreement.

11.     **Preliminary Certification of a Settlement Class Under Federal Rule of Civil Procedure 23.**     In the February 28, 2013 Report and Recommendation, the Magistrate Judge recommended that the Plaintiffs' Amended Motion for preliminary approval of the settlement class be denied. (Doc. 105). In the Supplemental Report, the Magistrate Judge noted that most of the concerns listed in the February 28, 2013 Report and Recommendation had been resolved. Accordingly, the Court declines to adopt the portion of the Report and Recommendation that recommends that preliminary approval should not be granted.   As detailed by the Magistrate Judge, the Parties have provided the Court with evidence to establish, at least preliminarily, that the proposed Settlement Class meets the numerosity, commonality, and typicality requirements of Rule 23(a)(1)-(3). The Court also adopts and approves the Magistrate's findings that the named Plaintiffs are adequate representatives of the Class as contemplated by Fed. R. Civ. P. 23(a)(3).

12.     In addition to the requirements of Rule 23(a), a proposed class action must satisfy one of the sections of Rule 23(b). In this case, the Plaintiffs have moved to certify this Class under Rule 23(b)(3), which requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  As with the Rule 23(a) factors, the Court approves and adopts the findings of the Magistrate Judge that the proposed Settlement Class

preliminarily meets the requirements of Rule 23(b)(3).  Based on the foregoing, the Court

preliminarily certifies a Settlement Class consisting of:

> All Persons who, at any time during the Qualifying Period: (1) had a Consumer Credit Card account with Bank of America, N.A. (USA); (2) made a Qualifying Payment in connection with that account (i) in person at any Bank of America banking center; (ii) by phone using Bank of America's pay-by-phone service; or (iii) electronically using Bank of America's online banking services; and (3) who incurred a late payment fee, finance charge, or other fees, penalties or charges, in connection with the timing of such payment that was not waived or refunded.  For avoidance of doubt, all three conditions (1) through (3) must be satisfied to be eligible for Settlement Class membership.

12.  **Class Representatives.**  Also, based upon the foregoing, the Court hereby preliminarily designates Plaintiffs Heydee De Leon and Jennifer Mendoza as representatives of the Settlement Class, as defined above.

13.  The Court does not adopt the Magistrate Judge's conclusions regarding whether the proposed settlement is fair, reasonable and adequate.  At present, the Court is satisfied that the terms of the corrected Third Amended Settlement Agreement are sufficiently fair, reasonable, and adequate so as to warrant sending notice to class members and giving them an opportunity to weigh in on the terms of the proposed settlement.  See, e.g., Fresco v. Auto Data Direct, Inc., No. 03-61063-CIV, 2007 WL 2330895 at *4 (S.D. Fla. May 14, 2007).  The Court accordingly grants preliminary approval to the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure, subject to further consideration at a Fairness Hearing after notice to Class Members.

14.  **Appointment of Lead Class Counsel.**  Pursuant to Fed. R. Civ. P. 23(g), the Court has reviewed the previous declarations of Counsel filed in this matter, has previously heard argument presented by attorney John Yanchunis, and has reviewed the

Declaration of Mr. Yanchunis submitted in support of the present Second Amended Motion for Preliminary Approval.  Based upon these items, the Court finds that Mr. Yanchunis has extensive experience handling class actions and other complex litigation, and that he is knowledgeable about class certification law.  He has previously served as co-lead counsel in two large class actions, and as lead, co-lead or Class Counsel in a number of other cases in a wide variety of substantive areas.  His law firm has and will continue to commit the resources necessary to represent the Settlement Class Members.  Accordingly, the Court appoints Mr. Yanchunis of the Tampa office of Morgan & Morgan to be "Lead Class Counsel."

15.  **Motion for Attorneys' Fees and Payment of an Incentive Award.**  The Plaintiffs have previously filed a Preliminary Motion for Attorneys' Fees (Doc. 74).  Given that this preliminary motion for fees was filed by Plaintiffs in October 2011, and given that the preliminary approval motion itself indicates the Plaintiffs intended to supplement their motion for fees, the Court will permit Plaintiffs to file a renewed or supplemental motion for attorneys' fees and costs, as well as a motion seeking an incentive/service award for the Class Representatives no later than 21 days prior to the date of the Fairness Hearing set forth below.  Both the Plaintiffs' Preliminary Motion for Attorneys' Fees and Payment of an Incentive Award and any subsequent Plaintiffs' Motion for Attorneys' Fees and Payment of an Incentive Award shall be posted on the Settlement Website to afford class members the opportunity to review the request.

16.  **Fairness Hearing.**  A hearing (the "Fairness Hearing") will be held on Thursday, December 11, 2014 at 9:30 a.m.,  in courtroom 6B in the United States District Court for the Middle District of Florida, 401 West Central Boulevard, Orlando, Florida

32801, before United States District Judge John Antoon II, to determine: (a) whether the action should be finally certified as a class action for settlement purposes; (b) whether the settlement of the class action should be approved as fair, reasonable and adequate; (c) whether the class action should be dismissed with prejudice pursuant to the terms of the Parties' Settlement; (d) whether Class Members should be bound by the Release set forth in the Parties' Settlement; (e) whether Class Members should be subject to a permanent injunction that, *inter alia,* bars Class Members from filing, commencing, prosecuting, intervening in, participating in (as Class Members or otherwise), or receiving any benefits from, any lawsuit, administrative or regulatory proceeding or order in any jurisdiction based on, or relating to, the claims (and the facts and circumstances related thereto) in this action and/or the released conduct as set forth in the Parties' Settlement; (f) whether Plaintiffs' application for an incentive fee award should be approved; and (g) whether the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses should be approved. The Parties' submissions in support of the Settlement shall be filed with the Court at least 21 days prior to the Fairness Hearing.

17.     **Findings Concerning Notice.**  Having considered, among other factors, (a) the cost of giving notice, (b) the resources of the Parties, (c) the stake of each Class Member, and (d) the likelihood that Class Members might desire to exclude themselves from the Class or appear individually, the Court finds that notice given in the form and manner provided in the Third Amended Settlement Agreement is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Class Members: (1) of the pendency of this action; (2) of their right to exclude themselves from the proposed Settlement; (3) that any judgment, whether favorable or not, will include all

Class Members who do not request exclusion; and (4) that any Class Member who does not request exclusion may object to the Settlement and, if he or she desires, enter an appearance either personally or through Counsel. The Court hereby orders that Notice shall be disseminated to Settlement Class Members in accordance to the terms of the Third Amended Settlement Agreement. The Court authorizes the Parties to make any non-material or typographical corrections as necessary to any of the proposed Notice materials prior to dissemination of those materials to Settlement Class Members.

18.     **Retention of Claims Administrators.** The Court authorizes Defendant to retain Rust Consulting, Inc. to help implement the terms of the proposed Settlement and authorizes such administrator to establish a settlement website and carry out such other responsibilities as are provided for in the Third Amended Settlement Agreement.

19.     **Cy Pres Beneficiaries.** The Court preliminarily approves the two proposed *cy pres* beneficiaries, America Saves and Consumer Action.

20.     **Exclusion from Class.** Any Settlement Class Member who does not wish to participate in this Settlement must write to the Claims Administrator stating an intention to be "excluded" from this Settlement. This written Request for Exclusion must be sent via first class United States mail to the Claims Administrator or at the address set forth in the Class Notice and received no later than 35 days before the date set for the Fairness Hearing. The Request for Exclusion must be personally signed by the Settlement Class Member. So-called "mass" or "class" opt-outs shall not be allowed. If the proposed settlement is approved, any Class Member who has not submitted a timely, written request for exclusion from the Class shall be bound by all subsequent proceedings, orders and judgments in this action, even if he or she subsequently initiates litigation against

Defendant encompassed by the release in the Settlement Agreement that relates to the claims and conduct released in the Parties' Settlement (the "Release").

      21.    **Objections and Appearances.**

           A.    **Written Objections.**  Any Class Member who has not filed a timely written request for exclusion from the Class and who complies with the requirements of this Order may object to any aspect of the proposed Settlement and/or the award of attorneys' fees and expenses and Plaintiffs' incentive awards, either on his or her own or through an attorney hired at his or her expense.  Settlement Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Agreement should not be given Final Approval.  Any objection must be in writing, filed with the Court, with a copy delivered to Lead Class Counsel and Defense Counsel at the addresses set forth in the Class Notice, and shall be postmarked no later than 35 days before the Fairness Hearing.  Settlement Class Members may object either on their own or through an attorney hired at their own expense.  If a Settlement Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense.  Any objection regarding or related to the Agreement should contain a caption or title that identifies it as "Objection to Class Settlement in Heydee De Leon, et. al. v. Bank of America, N.A. (USA), Civil Action No. 6:09-CV-01251-JA-KRS" and must contain information sufficient to identify and contact the objecting Settlement Class Member (or his or her attorney, if any), as well as a clear and concise statement of the Settlement Class Member's objection, information sufficient to establish the basis for their standing as a Settlement Class Member, the facts supporting the objection, and the legal grounds on which the objection is based.

Any Class Member who files and serves a timely written objection, as described in this Order, may appear at the Fairness Hearing, either in person or through counsel hired at the Class Member's expense who files the appropriate notice, to object to the fairness, reasonableness or adequacy of this Stipulation, the proposed Settlement, the award of attorneys' fees and expenses, or Plaintiffs' incentive awards.

Any objection that the Class Member wishes the Court to consider shall be provided to each of the following:

Clerk of the Court
Middle District of Florida
U.S. Courthouse
401 West Central Boulevard, Suite 1200
Orlando, Florida 32801-0120

**Re: Case No.:** 6:09-CV-01251-JA-KRS

John Yanchunis
Morgan & Morgan
Complex Litigation Group
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4787
**Lead Counsel for the Class**

- and -

Mark P. Ladner
David J. Fioccola
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
**Lead Counsel for**
**Defendant Bank of America, N.A. (USA)**

Any Class Member who does not timely file and serve a written objection pursuant to the terms of this Order shall be deemed to have waived, and shall be foreclosed from

raising, any objection to the settlement, and any objection that is not timely made shall be barred.

B. **Appearance at Fairness Hearing.** Any Class Member who files and serves a timely written objection pursuant to the terms of this Order and complies with the notice requirements of this Order may also appear at the Fairness Hearing, either in person or through counsel retained at the Class Member's expense.

22. **Exclusion from the Class.** All persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of the corrected Third Amended Settlement Agreement, the Judgment Order entered thereon, and all Orders entered by the Court in connection with the settlement set forth in the corrected Third Amended Settlement Agreement. All persons who submit valid and timely notice of their intent to be excluded from the Settlement Class shall neither receive any benefits nor be bound by the terms of the corrected Third Amended Settlement Agreement.

23. **Submission of Claim for Benefits.** Settlement Class Members who qualify for and wish to submit a claim for any benefit under the Settlement as to which a claim is required shall do so in accordance with the requirements and procedures of the corrected Third Amended Settlement Agreement which include a requirement that a completed Claim Form be mailed via first class mail to the Claims Administrator and postmarked no later than 28 days from the date of the Fairness Hearing or that a completed Claim Form be timely submitted electronically through an online Claim Form available through the settlement website. All Settlement Class Members who qualify for any benefit under the Settlement as to which a claim is required but fail to submit a claim in accordance with the

requirements and procedures of the corrected Third Amended Settlement Agreement shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Third Amended Settlement Agreement and the releases contained therein.

24.   **Service of Papers.**  Lead Counsel for the Class and Counsel for Defendant shall serve on each other and on all other Parties who have filed notices of appearance, at or before the Fairness Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Class Members.  Lead Counsel for the Class and Counsel for Defendant shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections and a list reflecting such requests for exclusion with the Court on or before the date of the Fairness Hearing.

25.   **Termination of Settlement.**  This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if:  (1) the proposed Settlement is not finally approved by the Court, or if the Court's final approval of the proposed Settlement is reversed or vacated in any material respect on appeal; or (2) the proposed settlement is terminated in accordance with the corrected Third Amended Settlement Agreement or for any other reason.  In such event, the proposed Settlement shall become null and void and be of no further force and effect, and neither the Settlement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever.

26.   **CAFA Compliance.**  Bank of America, N.A. (USA) shall comply with the obligation to give notice under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed Settlement, and, pursuant to the Settlement, shall notify Class Counsel of its compliance.

27.   **Use of Order.**  This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession or declaration by or against Defendant of any fault, wrongdoing, breach or liability, or by or against Plaintiffs or any Class Member that their claims lack merit or that the relief requested in the Complaint is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims it or they may have.

28.   **Continuance of Hearing.**  The Court reserves the right to continue the Fairness Hearing without further written notice to the Class, but will notify Counsel for the Parties (including objectors who have made a timely appearance in these proceedings pursuant to the terms of this Order).  Unless the Court specifically orders otherwise, any such continuance shall not be interpreted to expand the mailing or publication requirements set forth in this Order or to extend the filing or service deadlines set forth in this Order.

29.   The Magistrate Judge's recommendation that the case remain stayed (Doc. 105) is hereby adopted.  This case shall remain stayed until the final approval hearing is held.

**DONE** and **ORDERED** in Orlando, Florida, on May 2[?], 2014.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record